IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
FUNCAT LEISURE CRAFT, INC., and    )
SUB SEA SYSTEMS, INC.,             )
                                   )    02:06-cv-0533-GEB-GGH
              Plaintiffs,          )
                                   )    ORDER*
    v.                             )
                                   )
JOHNSON OUTDOORS, INC.,            )
                                   )
              Defendant.           )
_____)
```

Defendant Johnson Outdoors, Inc. ("Defendant") moves to dismiss several of Plaintiffs' claims under Rule 12(b)(6), arguing they fail to state a claim upon which relief can be granted. Defendant also argues Plaintiffs' claim for fraud and deceit should be dismissed because it is not pled with the particularity required by Rule 9(b). Plaintiffs oppose the motion.

BACKGROUND

Plaintiff Sub Sea Systems, Inc. ("Sub Sea") manufactures and sells marine recreation products. (Am. Compl. ¶ 4.) In November 2002, Sub Sea and Richard Barker ("Barker") entered into a joint

---

\* This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  venture and created Plaintiff FunCat Leisure Craft, Inc. ("FunCat")
2  for the purpose of manufacturing an electric chaise lounger boat.
3  (Id. ¶ 6.)  FunCat obtained all the rights, including design rights,
4  to the Rave Kat Kruzer, an electric chaise lounger boat designed and
5  manufactured by another company.  (Id. ¶ 7.)  By making improvements
6  to "the flotation, manufacturing, systems reliability, and propulsion"
7  of the Rave Kat Kruzer, FunCat "create[d] an improved electric chaise
8  lounger boat," the FunCat Chaise Lounger.  (Id.)  In February 2003,
9  Sub Sea began marketing and selling the FunCat Chaise Lounger under an
10 exclusive marketing agreement with FunCat.  (Id. ¶ 9.)

11          In or around June 2003, representatives of Leisure Life,
12 Ltd., a subsidiary of Defendant, contacted Barker about purchasing the
13 FunCat product line, including the FunCat Chaise Lounger.  (Id. ¶ 10.)
14 The parties began discussions relating to the sale of the FunCat
15 product line, and in August 2003 signed a Nondisclosure Agreement
16 ("NDA") relating to those discussions.  (Id. ¶¶ 12, 13.)  During the
17 parties' discussions, Defendant requested and Plaintiffs provided all
18 technical, manufacturing, and marketing information concerning the
19 FunCat Chaise Lounger.  (Id. ¶ 14.)  This information included
20 "critical design changes Plaintiffs were undertaking to the FunCat
21 Chaise Lounger in order to make the lounger easier to manufacture and
22 sell."  (Id. ¶ 15.)

23          After nearly a year of discussion, the parties could not
24 reach an agreement for the purchase and sale of the FunCat product
25 line, and discussions apparently ended.  (Id. ¶ 16.)  Then, in or
26 around January 2005, Defendant introduced its own electric chaise
27 lounger boat, the Escape.  (Id. ¶ 17.)

28

Plaintiffs allege Defendant "copied the design of the FunCat Chaise Lounger [and] incorporated the design changes that [Plaintiffs] . . . disclosed to [Defendant] under the [NDA]" in the Escape. (Id.) Based on the above facts Plaintiffs have brought the following claims against Defendant: (1) breach of contract ("Claim I"), (2) breach of the covenant of good faith and fair dealing ("Claim II"), (3) statutory misappropriation of trade secrets ("Claim III"), (4) common law misappropriation of trade secrets ("Claim IV"), (5) trade dress infringement ("Claim V"), (6) unfair competition ("Claim VI"), (7) breach of confidence ("Claim VII"), (8) intentional interference with prospective economic advantage ("Claim VII"), and (9) fraud and deceit ("Claim IX").

DISCUSSION

I. Motion to Dismiss for Failure to State a Claim

Dismissal under Rule 12(b)(6) for failure to state a claim is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). The court must accept the facts alleged in the complaint as true. Id. "A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248 (9th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

A. Claims II, IV, VI, VII, VIII, and IX

Defendant argues the California Uniform Trade Secrets Act ("CUTSA") preempts Claims II, IV, VI, VII, VIII, and IX since all "rest on the same nucleus of facts as Plaintiffs' statutory

3

1 misappropriation [of trade secrets] claim . . . ." (Defs. Reply Pls.'
2 Opp'n ("Reply") at 8.) Defendant relies on Accuimage Diagnostics
3 Corp. v. Terarecon. Inc., 260 F. Supp. 2d 941 (N.D. Cal. 2003), and
4 two cases applying Accuimage, Digital Envoy, Inc. v. Google, Inc., 370
5 F. Supp. 2d 1025 (N.D. Cal. 2005) and Callaway Golf Company v. Dunlop
6 Slazenger Group Americas, Inc., 318 F. Supp. 2d 216 (D. Del. 2004),
7 for the proposition that all common law claims based on allegations of
8 trade secret misappropriation are preempted by the CUTSA.[1]

9 In Accuimage, a developer of software for medical imaging
10 brought several claims against a competitor and former employee,
11 including claims for both common law misappropriation of trade secrets
12 and trade secrets misappropriation under the CUTSA. The district
13 court considered "whether the [C]UTSA preempts common law
14 misappropriation of trade secrets claims" and held that the CUTSA
15 "occupies the field in California." Accuimage, 260 F. Supp. 2d at
16 953, 954. Plaintiffs concede that under Accuimage the CUTSA preempts
17 their common law misappropriation of trade secrets claim and state
18 they will "not pursue its fourth cause of action . . . ." (Pls' Opp'n
19 to Defs.' Mot. ("Opp'n") at 2 n.1.) Therefore, Claim IV is dismissed.
20 However, Plaintiffs argue the CUTSA does not preempt Claims II, VI,

---

[1] The CUTSA's preemption clause, expressed in the negative, reads in relevant part:
(a) Except as otherwise expressly provided, this title does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets. (b) This title does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret.
Cal. Civ. Code § 3426.7.

4

VII, VIII, and IX, since they may be pled "in the alternative to claims for statutory trade secret misappropriation" "when the existence of a trade secret is an open question, as it is here." (Opp'n at 5, 6.)

Plaintiffs argue Defendant has not shown that Claims II, VI, VII, VIII, and IX are based on the misappropriation of information that constitutes a trade secret, and since no such showing is required to prevail on these claims, they may plead them and the CUTSA claim in the alternative. (Opp'n at 2-3.) Plaintiffs cite the Ninth Circuit decision of City Solutions v. Clear Channel Communications, Inc., 365 F.3d 835 (9th Cir. 2004), in support of their position that their claims may be pled in the alternative. In City Solutions, the plaintiff brought two claims: one under the CUTSA and another for common law unfair competition. The plaintiff prevailed at trial on the unfair competition claim but not the CUTSA claim. On appeal the Ninth Circuit rejected the defendant's argument that, because the jury did not find it liable on the CUTSA claim, it could not have found it liable for unfair competition. City Solutions, 365 F.3d at 842. The Circuit found that the jury could have found the defendant misappropriated the plaintiff's property, even if that property was not found to be a trade secret. Id. Although the preemption question itself was not before the Ninth Circuit, the decision in City Solutions does indicate that common law and CUTSA claims based on the same facts may be pled in the alternative.

None of the authority cited by Defendant supports a different conclusion. Accuimage did not hold that all common law claims based on an allegation of trade secret misappropriation are preempted by CUTSA. Rather, it held only that the plaintiff could not

5

bring a common law misappropriation of trade secrets claim in addition to a CUTSA claim. Accuimage, 260 F. Supp. 2d at 953-54. Neither Callaway nor Digital indicate Accuimage should be extended as Defendant argues. In fact, Callaway supports Plaintiffs' position that its claims may be pled in the alternative. See Callaway, 318 F. Supp. 2d at 218, 220 (stating "until it is shown that the information [allegedly misappropriated] is entitled to trade secret protection, it is premature to rule whether [the common law claims] are preempted under CUTSA" and "if a fact finder were to find that [the allegedly misappropriated information was a] trade secret[], then [the] common law claims for conversion and unjust enrichment [would be] preempted by CUTSA.") Therefore, Defendant's motion to dismiss Claims II, VI, VII, VIII, and IX based on preemption is denied.

B.   Claim II

Defendant also seeks dismissal of Claim II, Plaintiffs' claim for breach of the duty of good faith and fair dealing, arguing Plaintiffs have failed to demonstrate a "special relationship" existed between Plaintiffs and Defendant. Plaintiffs argue "[Defendant's] independent duty not to interfere with [Plaintiffs'] prospective economic advantage" entitles Plaintiffs to maintain Claim II. (Opp'n at 8.) However, the inquiry whether a "special relationship" exists requires finding the following characteristics are present in the contract: "(1) the contract must be such that the parties are in inherently unequal bargaining positions; (2) the motivation for entering the contract must be a nonprofit motivation, . . . (3) ordinary contract damages are not adequate, . . . (4) one party is especially vulnerable because of the type of harm it may suffer and of necessity places trust in the other party to perform; and (5) the

6

1  other party is aware of this vulnerability." Martin v. U-Haul Co. of
2  Fresno, 204 Cal. App. 3d 396, 413 (1988) (citation omitted). Since
3  Plaintiffs have failed to allege the existence of a "special
4  relationship" under Martin, this tort claim is not actionable.
5        Plaintiffs argue that even if Count II is not an actionable
6  tort, they may maintain it and seek only contract damages. However,
7  Plaintiffs have alleged a breach of the NDA in Claim I. To the extent
8  Plaintiffs suffered any damages based on the breach of the duty of
9  good faith and fair dealing, those damages may be recovered through
10 Claim I; therefore, when limited to contract damages, Claim II is
11 redundant of Claim I. See McWilliams v. Holton, 248 Cal. App. 2d 447,
12 451 (1967) (stating "'[i]n every contract there is an implied covenant
13 that neither party shall do anything which will have the effect of
14 destroying or injuring the right of the other party to receive the
15 fruits of the contract . . . ."). Accordingly, Defendant's motion to
16 dismiss Claim II is granted.
17     C.   Claim VI
18        Defendant also seeks dismissal of Claim VI, Plaintiffs'
19 claim for unfair competition in violation of California Business and
20 Professions Code § 17200 ("section 17200"), arguing Plaintiffs have
21 not stated the alleged unlawful business act with reasonable
22 particularity. Here, Plaintiffs allege Defendant "engaged in . . .
23 unfair competition by . . . taking advantage of . . . the
24 misappropriation of confidential [and other] information maintained by
25 Plaintiffs and [by] the infringement of [P]laintiffs' trade dress."
26 (Am. Compl. ¶ 50.) Thess allegations sufficiently state the unlawful
27 business act underlying Claim VI. Therefore, Defendant's motion to
28 dismiss Claim VI is denied.

1    Defendants argue that even if Claim VI is not dismissed in
2 its entirety, the portion of Claim VI which requests monetary damages
3 must be dismissed because monetary damages are not available under
4 section 17200.  Plaintiffs respond, without citing any authority, that
5 "FunCat is entitled to monetary recovery [under Claim VI]."  (Opp'n at
6 10.)  In Claim VI Plaintiffs allege that they have suffered damages
7 "in excess of $600,000" and that they are entitled to disgorgement of
8 "all money . . . obtained by [Defendant]" through unfair competition.
9 (Am. Compl. ¶¶ 51, 53.)  Under section 17200, Plaintiffs may not
10 recover damages or seek disgorgement of money obtained by unfair
11 competition.  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th
12 1134, 1144-45 (2003) (stating monetary damages and disgorgement of
13 property obtained through unfair business practices are not available
14 remedies under section 17200).  Therefore, to the extent Claim VI
15 seeks monetary damages or disgorgement of property from Defendant, it
16 is dismissed.

17    D.   Claim VIII

18    Defendant seeks dismissal of Claim VIII, Plaintiffs' claim
19 for intentional interference with prospective economic advantage,
20 arguing Plaintiffs have failed to allege the existence of an economic
21 relationship and wrongful conduct independent of any alleged
22 interference.  The claim identifies the exclusive marketing agreement
23 between FunCat and Sub Sea as the economic relationship allegedly
24 interfered with.  (Am. Compl. ¶ 61.)  This allegation is sufficient to
25 put Defendant "on notice of which [economic] relationship[] [it]
26 allegedly disrupted."  Accuimage, 260 F. Supp. 2d at 957.  Since
27 Plaintiffs' claim includes an allegation of "interference with an
28 existing contract . . . [,] it is not necessary [for Plaintiffs to

8

allege] that [D]efendant's conduct [was] wrongful apart from the interference with the contract itself." Quelimane Co. v. Stewart Title Guaranty Co., 19 Cal. 4th 26, 55 (1998) (citation omitted). Therefore, Defendant's motion to dismiss Claim VIII is denied.

## II. Motion to Dismiss for Failure to Plead with Particularity

Defendant seeks dismissal of Claim IX, Plaintiffs' claim for fraud and deceit, for failure to plead with the particularity required by Rule 9(b). Plaintiffs argue the allegations of fraud satisfy the requirements of Rule 9(b).

In diversity cases where the cause of action is fraud, the substantive elements of fraud are determined by state law. See Moore v. Brewster, 96 F.3d 1240, 1245-46 (9th Cir. 1996). These elements, however, must be pled in accordance with the requirements of Rule 9(b). See id. The Ninth Circuit has held that to satisfy Rule 9(b)'s particularity requirement, the plaintiff must plead facts explaining why the alleged misrepresentation was false when it was made. In re GlenFed, Inc., Sec. Lit., 42 F.3d 1541, 1548 (9th Cir. 1994). A plaintiff may do this in a number of ways: by pointing to either inconsistent contemporaneous statements or information which was made by or available to the defendant, id., or to later statements made "by the defendant along the lines of 'I knew it all along.'" Id. at 1549 n.9. However, the requirement precludes a plaintiff "from simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1153 (S.D. Cal. 2001).

Defendant argues Claim IX does not meet the requirements of Rule 9(b) because it merely makes a conclusory allegation that

Defendant had no intention of buying the FunCat product line when it began discussions with Plaintiffs. Plaintiffs argue rather obliquely that Defendant's introduction of the Escape just a few months after stating it had "no interest in building a craft similar to the FunCat Chaise Lounger" reveals that Defendant entered into discussions with Plaintiffs fraudulently. (Am. Compl. ¶ 17.) However, Plaintiffs' allegations and argument do no more than point out "that the content of [Defendant's] statement conflicts with the current state of affairs, and then conclud[e] that the statement in question was false when made." Smith, 160 F. Supp. 2d at 1153. Consequently, Plaintiffs have not pled Claim IX with the required particularity. Defendant's motion to dismiss Claim IX is granted.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Claims II, IV, IX, and Claim VI to the extent it seeks monetary damages or disgorgement of property from Defendant is granted. Defendant's motion is denied in all other respects.

If Plaintiffs opine any identified deficiency can be cured, Plaintiffs are granted leave to file a Second Amended Complaint within fifteen days of the date on which this Order is filed.

IT IS SO ORDERED.

Dated: July 24, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge