IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FUNCAT LEISURE CRAFT, INC., et al.,

    Plaintiffs,                          CIV. NO. S-06-0533 GEB GGH

    vs.

JOHNSON OUTDOORS, INC.,

    Defendant.                          <u>ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for January 18, 2007, was plaintiffs' motion to compel discovery. The parties filed a joint statement. Andrew Stroud appeared for plaintiffs. Allen Schlinsog and Robert Milligan appeared for defendant. After hearing, the court issues the following order.

<u>BACKGROUND</u>

        This case concerns plaintiffs' electric chaise lounger boat and their claim that defendant copied their design and introduced its own version of the boat after discussions for defendant's subsidiary to purchase the product line fell apart. Plaintiffs claim that defendant obtained access to critical technical, manufacturing, marking and design changes, and used them in its own line, thereby providing plaintiffs with the following claims: (1) breach of contract ("Claim I"), (2) breach of the covenant of good faith and fair dealing ("Claim II"), (3)statutory

1

misappropriation of trade secrets ("Claim III"), (4) common law misappropriation of trade secrets ("Claim IV"), (5) trade dress infringement ("Claim V"), (6) unfair competition ("Claim VI"), (7) breach of confidence ("Claim VII"), (8) intentional interference with prospective economic advantage ("Claim VII"), and (9) fraud and deceit ("Claim IX").  On July 25, 2006, Judge Burrell dismissed some of the claims.  Claims remaining after that order are breach of nondisclosure agreement, statutory trade secret misappropriation, trade dress infringement, unfair competition, breach of confidence, and intentional interference with prospective economic advantage.

The instant dispute concerns plaintiffs' motion to compel Johnson to provide documents in response to two sets of requests for production, and substantive responses to plaintiffs' interrogatories.  Johnson has refused to provide discovery, claiming that plaintiffs have not sufficiently identified trade secrets at issue in their Code of Civil Procedure § 2019.210 statement.

DISCUSSION

At hearing, the court questioned the applicability of Cal. Code Civ. Proc. § 2019.210 in a diversity action in federal court.  After permitting the parties to provide supplemental statements on this issue which had not been briefed previously, the court has made the following determination.

Cal. Code Civ. Proc. § 2019.210 provides[1]:

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.

The applicability of this code section in federal courts has not been finally determined.  <u>Advante International Corp. v. Mintel Learning Technology</u>, 2006 WL 3371576 n. 4

---

[1] This code section was previously numbered 2019(d).

1  (N.D. Cal. 2006) (specifically refusing to decide applicability of § 2019.210 in federal cases but
2  using it as guide); Excelligence Learning Corp. v. Oriental Trading Co., Inc., 2004 WL 2452834,
3  n.3 (N.D. Cal. 2004) (noting state code of civil procedure not binding, but applying it because
4  there was no parallel trade secret discovery provision in Federal Rules of Civil Procedure).  Other
5  federal courts have applied this state code section without analysis, or much analysis, of its
6  applicability in federal court.  See Neothermia Corp. v. Rubicor Medical, Inc., 345 F. Supp. 2d
7  1042(N.D. Cal. 2004); Pixion, Inc. v. PlaceWare, Inc., 421 F. Supp. 2d 1233, 1242 (N.D. Cal.
8  2005); Del Monte Fresh Produce Co. v. Dole Food Co., 148 F. Supp. 2d 1322 (S.D. Fla. 2001)
9  (deciding only between California and Florida law, without mentioning federal law).  These
10 cases have also been cited by defendant; however, their lack of analysis on the issue lends little
11 support to defendant's argument.
12         Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 985 (S.D.
13 Cal. 1999) analyzed the applicability of § 2019.210 in federal court proceedings.  There, the court
14 determined that Fed. R. Civ. P. 26(c)(7), the section providing for protective orders for trade
15 secrets or other confidential information, did not conflict with § 2019.210 and that they in fact
16 complemented each other.  Id. at 988.  The court stated: "Rule 26(c) permits a defendant to file a
17 motion for a protective order to prevent the disclosure of *defendant's* trade secrets, while CCP §
18 2019(d) requires the *plaintiff* to identify its allegedly misappropriated trade secrets before seeking
19 discovery.  Hence, there is no inconsistency, let alone a collision, between the provisions.  Id.
20 (emphasis in original).
21         With respect, while the "collision" analysis may be correct in the abstract, the
22 court disagrees with Computer Economics insofar as "collision" is the deciding factor for
23 determination of whether a state procedural rule can be engrafted into federal court proceedings.
24 The Federal Rules of Civil Procedure govern this case, Fed. R. Civ. P. 1, and, unless stipulated
25 otherwise or ordered after stipulation pursuant to case management orders, it is not within the
26 discretion of the court to willy nilly apply bits and pieces of the discovery civil procedure codes

3

of the various states, even the state in which the district court sits. And, the district court is not free to legislate new, mandatory discovery procedures under the rubric that the state law does not "conflict with" the federal rules simply because it thinks state law supplies a better way to go.[2] The Computer Economics court fails to emphasize that the rule of application is one of procedure, and therefore federal law controls. As plaintiffs point out in their supplemental briefing, "[a] special case arises when the federal law is embodied in a Federal Rule of Civil Procedure. In that situation, the federal rule must be applied if it does not 'abridge, enlarge, or modify any substantive right' in violation of the Rules Enabling Act." Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003), citing Rules Enabling Act, 28 U.S.C. § 2072.

If Rule 26 applies, plaintiffs may go forward with the instant discovery. If § 2019.210 applies, plaintiffs are prevented from pursuing discovery if the insufficiency of their § 2019.210 statement is adversely determined. Here, application of § 2019.210 would serve to prevent application of Rule 26, if defendant had its way. As stated in Hanna v. Plumer, 380 U.S. 460, 470, 85 S. Ct. 1136, 1144 (1965), under the rule of Erie R. Co. v. Tompkins, state law is not to be invoked in order to void a federal rule. Where a federal rule of procedure covers a rule of practice, such rule governs in a federal diversity case, even in the face of a contrary state rule. Santana v. Holiday Inns, Inc., 686 F.2d 736, 740 (9th Cir. 1982). In fact, as plaintiffs point out, the rules are in direct conflict.

It is certainly true that litigation rules to be applied may touch upon both substantive and procedural matters, and matters of substance in diversity cases are governed by

---

[2] The genius of the Federal Rules as they pertain to discovery is that the parties are expressly given the opportunity in large part to craft their own discovery procedures. However, this authority to depart from the default provisions of the federal rules applies to stipulations of the parties. Thus, the parties could have stipulated to the use of Cal. Code of Civ. Proc. § 2019.210, and this stipulation could have been made part of a case management order. However, no such stipulation appears in this case. Although plaintiff earlier acquiesced to its application, and actually supplied a statement pursuant to § 2019.210, this one time acquiescence does not amount to a stipulation. Moreover, if acquiescence were the rule, defendant acquiesced to the propriety of the statement by participating in previous discovery without objection.

4

state law.  However, a rule regulates procedure rather than substance if it encompasses "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them."  Hanna, 380 U.S. at 464, quoting Sibbach v. Wilson & Co., 312 U.S. 1, 14, 61 S. Ct. 422, 426 (1941).  See Gasperini v. Center For Humanities, Inc., 518 U.S. 415, 431-437, 116 S. Ct. 2211(1996) (federal law will govern standards of appellate review vis-a-vis the district and circuit court in a diversity action even if the law of damages itself will be based on state law).  Section 2019.210 clearly addresses procedure and not substance.  The California statute simply sets out a procedural pleading or identification threshold prior to the initiation of discovery– both purely procedural matters.  Rule 26, et seq., without question regulates the procedure for discovery.[3]

This rule at issue in this case is not unlike that applied to the issue of bifurcation of liability and amount of punitive damages at trial.  In Hamm v. American Home Products Corp., 888 F. Supp. 1037, 1038 (E. D. Cal. 1995), the court found that Cal. Civ. Code § 3295(d), requiring bifurcation, was inconsistent with Fed. R. Civ. P. 42(b), granting the district court discretion to bifurcate issues.  Accordingly, it refused to apply § 3295, and, applying Rule 42(b), exercised its discretion to deny bifurcation at trial of the issues of liability and amount of punitive damages.  The majority of federal courts analyzing the issue of delayed or denied punitive damages discovery have declined to apply state law on the issue, or have otherwise declined to incorporate a prima facie case requirement before discovery is allowed.  CEH, Inc. v. FV

---

[3] By comparison, the situation in this case is different from that in U.S. ex rel Newsham v. Lockheed Missles & Space Co., 190 F.3d 963 (9th Cir. 1999) in which the Ninth Circuit determined that the anti-SLAPP provisions of California law applied in a diversity action. Application of the state law was determined not to conflict with the federal rules of civil procedure, unlike the result which would obtain here, and the SLAPP suit provisions are quasi substantive as well, i.e., claims may be stricken and attorneys fees awarded.  Moreover, defendant's citation of IMAX Corp. v. Cinema Technologies, 152 F.3d 1161 (9th Cir. 1998) actually diminishes rather than enhances defendant's argument.  In that case, *after full federal discovery had been permitted,* the court determined at summary judgment that a trade secret claim was insufficiently set forth.  If defendant Johnson's position had been applied in IMAX, no federal discovery should have been permitted at all.

1  "Seafarer", 153 F.R.D. 491, 497- 498 (D.R.I. 1994) (collecting cases).

2  Courts have also refused to apply Cal. Civ. Code § 3295(c), which allows discovery only where the plaintiff has made a substantial showing that he will probably prevail on a punitive damages claim, because it is inconsistent with Rule 42.  Subdivision (c) is even more procedural in nature than subdivision (d), and more akin to the instant case, in providing for the manner in which financial discovery is to be undertaken.

Therefore, for the reasons stated, the court finds that § 2019.210 has no application in this present dispute.

CONCLUSION

Accordingly, IT IS ORDERED that plaintiffs' motion to compel discovery, filed December 4, 2006, is granted.

DATED: 1/29/07                   /s/ Gregory G. Hollows

                                 GREGORY G. HOLLOWS
                                 U. S. MAGISTRATE JUDGE

GGH:076/Funcat0533.trd.wpd