IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNCAT LEISURE CRAFT, INC., and SUB SEA SYSTEMS, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOHNSON OUTDOORS INC.,<br><br>        Defendant. | 2:06-cv-0533-GEB-GGH<br><br>ORDER |

On February 12, 2007, Defendant filed a motion for reconsideration of the Magistrate Judge's Order filed January 29, 2007. (Def.'s Motion for Reconsideration ("Mot.") at 1:22-23.) Plaintiffs filed an opposition on February 23, 2007. (Pl.'s Opp'n to Def.'s Request for Reconsideration.) On February 5, 2007, the Magistrate Judge issued a related Order requiring Defendant to comply with Plaintiffs' discovery requests by Monday, February 26, 2007.

///

///

1

Defendant also summarily requested in its motion for reconsideration "a stay of Judge Hollow's February 5, 2007 Order." (Mot. at 1:27-28, 2:1-2.)  However, since Defendant did not properly move for a protective order under Federal Rule of Civil Procedure ("FRCP") 26(c) and Local Rule 37-251, or other local rules, the stay issue was not duly noticed for hearing or briefed.[1]  See FRCP 26(c); see also 10 Fed. Proc., L. Ed. § 26:206 ("A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to FRCP 26(c).").

Since the February 26, 2007 deadline has passed, the merits of Defendant's request for reconsideration of the Magistrate Judge's Order need not be reached because the Motion is deemed moot.  (See Mot. at 13:4-6, (Defendant conceded that the "Request for Reconsideration would be rendered moot if Defendant were required to answer Plaintiffs' discovery requests.".)  Because of this ruling, the Rule 16 scheduling order is modified as follows: each party shall comply with FRCP 26(a)(2)'s initial expert disclosures and report requirements on or before May 17, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before June 18, 2007; all discovery shall be completed by October 17, 2007; the last hearing date for motions shall be December 17, 2007; the final pretrial

///
///
///
///
///

---

[1] Further, it is unclear why Defendant did not seek a stay from the Magistrate Judge.

1  conference shall commence at 2:30 p.m. on February 19, 2008; and trial
2  shall commence on May 20, 2008, at 9:00 a.m.²

3  Dated:   February 27, 2007

4
5                                  _____
                                   GARLAND E. BURRELL, JR.
6                                  United States District Judge

7
8
...
21  _____
22      ²    The above ruling requires this modification since on
   December 15, 2006, Plaintiffs moved to extend the deadline for expert
23 disclosures on the grounds that Defendant "refused to produce any
   documents or provide substantive responses to interrogatories leaving
24 Plaintiffs' experts without the information they need to develop their
   opinions."  (Pls.' Motion to Extend the Deadline for Expert
25 Disclosures ("Mot. To Extend") at 3:5-7.)  This is the dispute that
   was decided by the Magistrate Judge's January 29, 2007 Order in
26 Plaintiff's favor.  Further, although Defendant objects to this
   rescheduling, Defendant stated in its Opposition that "if the Court
27 were to grant Plaintiffs' request it should move out all the deadlines
   in the scheduling accordingly in order to avoid prejudicing
28 [Defendant]."  (Def.'s Opp'n to Mot. To Extend at 7:26-27.)

                                   3