IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNCAT LEISURE CRAFT, INC., and SUB SEA SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON OUTDOORS INC., <br><br> Defendant. | 2:06-cv-0533-GEB-GGH <br><br> ORDER |

On March 1, 2007, Defendant filed a motion for reconsideration of this Court's February 28, 2007 Order and an ex parte application for an order shortening time on its motion and a stay of its discovery obligations. (Def.'s Mot. for Recons. at 1:28, 2:1-2; Def.'s Ex Parte Application at 1:23-27.) This Court's February 28, 2007 Order denied Defendant's request for reconsideration of the Magistrate Judge's January 29, 2007 Order since the request was moot because the date on which Defendant was obliged to comply with Plaintiffs' discovery requests had passed. (See Judge Hollow's Feb. 5, 2007 Order at 1:17-19, where he determined that "Defendant[] shall have twenty days to respond to [P]laintiffs' December 4, 2006, motion to compel discovery, unless otherwise stipulated by the parties.")

Defendant argues that its original request for reconsideration of the Magistrate Judge's January 29, 2007 Order was not moot because "Defendant incorrectly stated that its discovery responses were due on February 26, 2007, rather than February 28, 2007 when they were actually due [since] [t]his calculation did not account for the additional time granted under Fed. Rule of Civ. P. 6(e) given that the order was served electronically." (Def.'s Mot. at 2:27-28, 3:1-2.) Plaintiffs oppose the motion, arguing "[i]t is well-settled that Rule 6(e) applies only to actions that must be taken after a date of service" and "Defendant's discovery responses were due *twenty days from February 5*, . . . and not the date of *service* of [the Magistrate Judge's] Order." (Pls.' Opp'n at 2:20-22.)

"The Rule 6(e) mail provision applies only when a time period begins with the service of notice or other paper. Rule 6(e) does not apply to time periods that begin with the filing in court of a judgment or an order." 1 Moore's Federal Practice, § 6.05[3] (Matthew Bender 3d ed.); see also Moore v. Navarro, 2004 WL 783104, at *2, n.3 (N.D. Cal. March 31, 2004) ("Rule 6(e) applies only where a party 'is required to do some act or take some proceedings within a prescribed period of time after the service of a notice or other paper on a party[.]' [Plaintiff] was ordered to file an amended complaint within 20 days of the date of the order, not within 20 days of being served with the order.").[1]  Since Defendant has not satisfied the

---

[1] Flores v. Emerich & Fike, 2006 2536615 (E.D. Cal. Aug. 31, 2006), cited by Defendant in its Motion, is not to the contrary. The order at issue in that case stated that the "amended complaint shall be filed within fifteen (15) days following *service* of this decision." (Judge Wanger's February 21, 2006 Order Granting Motion to Strike and Motion to Dismiss at 43:5-6.) (emphasis added).

1  standards applicable to its reconsideration motion and its ex parte
2  application, this motion and application are denied.
3  Dated:  March 5, 2007
4
5  _____
   GARLAND E. BURRELL, JR.
6  United States District Judge